IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARVIN BADUA,<br><br>    Petitioner,<br><br>vs.<br><br>KATRINA KANE, et. al.,<br><br>    Respondents. | No. CV 08-301-GMS-CRP<br><br>**REPORT AND RECOMMENDATION** |

On February 15, 2008, Marvin Badua ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2241. (Doc 1). At the time, Petitioner was confined at the Eloy, Arizona ICE detention facility awaiting a hearing on the charge of removability initiated against him by the Department of Homeland Security ("DHS"). DHS alleges Petitioner is subject to deportation as an alien who, at any time after admission, has been convicted of an aggravated felony. INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). At age nineteen, Petitioner was allegedly convicted of unlawful sexual intercourse with a minor in violation of Cal. Pen. Code § 261.5(c). (Doc 1). Petitioner asserts this conviction was later reduced from a felony to a misdemeanor pursuant to Cal. Pen. Code § 17(b).

When Petitioner filed the Habeas Petition, he had been held by DHS for over eight months. Petitioner argued he was detained beyond a 180-day period without his removal being significantly likely to occur in the reasonably foreseeable future and that further detainment violated federal law as interpreted by the Ninth Circuit. *Nadarajah v. Gonzales*, 433 F.3d 1069, 1080-1081 (9th Cir.2006); *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir.2005). On December 5, 2008, Petitioner was released from confinement on a $30,000 bond. (Doc 22, Attachment A). After Petitioner's release, he filed a Motion to Dismiss Case

Without Prejudice. (Doc 22). Respondents did not file a response to Petitioner's Motion and the time for filing a response has expired. Because DHS released Petitioner the Habeas Petition is now moot. This Court recommends that the District Judge, after his independent review and analysis, dismiss the Habeas Petition as moot and grant Petitioner's Motion to Dismiss Case Without Prejudice.

**Procedural History**

On May 9, 2007, Petitioner attempted to enter the United States through the San Francisco International Airport as a returning lawful permanent resident. (Doc 15, Exhibit 5). Because Petitioner had an alleged conviction of unlawful sexual intercourse with a minor DHS ordered Petitioner to report to DHS's office in San Francisco on June 7, 2007. (Doc 1). When Petitioner reported to the office, he was arrested and placed in the removal proceedings. (Doc 1). The first set of proceedings were terminated on December 12, 2007 but DHS commenced a second set of removal proceedings on December 20, 2007. (Doc 1). Petitioner remained in custody since his arrest on June 7, 2007. (Doc 1). The second set of proceedings have not concluded. On December 5, 2008, Petitioner was released from custody on a $30,000 bond. (Doc 22, Attachment A). After Petitioner's release, he filed a Motion to Dismiss Case Without Prejudice. (Doc 22). Respondents have not filed a response to Petitioner's Motion and the time for filing such a response has expired.

**Analysis**

Article III of the United States Constitution empowers federal courts to adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). It is insufficient that the case-or-controversy requirement is satisfied when the suit is filed, the requirement "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478 (1990) (internal quotations omitted.) Furthermore, if it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. *Picrin-Person v. Rison*, 930 F.2d 773, 775-776 (9th Cir.1991).

In the case before this Court, Petitioner challenges only the legitimacy of his continued detention and seeks relief from it in the form of supervised release or a bond hearing. Petitioner is no longer in custody; he was released on a $30,000 bond December 5, 2008. Petitioner, therefore, no longer has a personal stake in the outcome of this lawsuit. Additionally, the relief Petitioner requested, his release from continued and potentially indefinite detention, can no longer be granted by the Court. For these reasons, this case is moot.

Petitioner requests his Habeas Petition be dismissed without prejudice. Rule 41 of the Federal Rules of Civil Procedure allows an action to "be dismissed at the plaintiff's request by order of the court, on terms that the court considers proper" and "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2). In this case, Respondents did not object to Petitioner's request to dismiss the action without prejudice. Plaintiff's request should be granted.

**Recommendation**

The Magistrate Judge recommends that the District Court, after its independent review and analysis, dismiss this Habeas Petition as moot and grant Petitioner's Motion to Dismiss Case Without Prejudice. When Petitioner was released from detention it rendered his Habeas Petition moot.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: cv 08-301-PHX-GMS.

DATED this 13th day of January, 2009.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE